### ARNOLD v. WOOLSEY et al.

(Circuit Court of Appeals, Eighth Circuit. February 8, 1893.)

#### No. 144.

WRIT OF ERROR—DISMISSAL—NO REAL CONTROVERSY.

Where, pending proceedings in error, the same person, by means of purchase, has succeeded to the interests of both plaintiff and defendant, the writ of error should be dismissed, although some third person is interested in the question of costs. Wood-Paper Co. v. Heft, 8 Wall. 333, 336; East Tennessee, V. & G. R. Co. v. Southern Tel. Co., 8 Sup. Ct. Rep. 1391, 125 U. S. 695; and Little v. Bowers, 10 Sup. Ct. Rep. 620, 134 U. S. 547, 557,— followed.

In Error to the Circuit Court of the United States for the District of Nebraska.

Action of ejectment brought by Weston Arnold against George L. Woolsey and others to recover blocks 1, 84, 182, and lots 1, 2, and 3, in block G, in Kearney. A jury was waived, and the case submitted to the court on an agreed statement of facts. Judgment was rendered for defendants, and plaintiff brings error. On motion to dismiss the writ of error. Granted.

John C. Watson and Edwin F. Warren, for the motion.
J. M. Woolworth, opposed.

Before SANBORN, Circuit Judge, and THAYER, District Judge.

THAYER, District Judge. This is a motion to dismiss the writ of error. The motion proceeds upon the ground that the interests of all the parties to the litigation have become merged by a sale which has recently been made by the defendants in error of all their interest in the property which is in controversy. After an examination of the record in the case and the affidavits that were read on the hearing of the motion, we have reached the conclusion that the motion is well founded. As the case stands since the sale of the Nebraska City Distillery to the Distilling & Cattle Feeding Company, or to its representative, we are satisfied that there is no real controversy between any of the parties to the litigation. We have no doubt that a decision in favor of the plaintiff in error would inure to the benefit of the recent purchaser under the defendants in error, and it is obvious that a contrary decision would have the same effect. Under these circumstances it is of no importance that the defendants in error have given their vendee an indemnity against costs. Where the same person has practically become the plaintiff and the defendant, we will not further entertain the proceeding, although some third party is interested in the question of costs. In obedience to the following authorities: Wood-Paper Co. v. Heft, 8 Wall. 333, 336; East Tennessee, V. & G. R. Co. v. Southern Tel. Co., 125 U. S. 695, 8 Sup. Ct. Rep. 1391; and Little v. Bowers, 134 U. S. 547, 557, 10 Sup. Ct. Rep. 620,—the writ of error should be dismissed, and it is so ordered.